

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

**JERRY LEWIS**                                                              **PLAINTIFF**

**VS.**                                                  CAUSE NO. 3:13CU191TSL-JMR

**JACKSON STATE UNIVERSITY;**                                **DEFENDANT**
**DR. VIVIAN FULLER, INDIVIDUALLY;**
**DR. CAROLYN MYERS, INDIVIDUALLY; AND**
**JOHN DOES 1-10**

## COMPLAINT
### JURY TRIAL DEMANDED

COMES NOW Plaintiff, JERRY LEWIS (hereinafter "Plaintiff Lewis"), by and through

his undersigned counsel, and files this Complaint against JACKSON STATE UNIVERSITY,

(hereinafter "Defendant JSU"); DR. CAROLYN MYERS (hereinafter "Defendant Myers"); DR.

VIVIAN FULLER (hereinafter "Defendant Fuller"); collectively ("Defendants"); and John Does

1-10.  The actions of Defendants described herein constitute violations of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 1983, and Mississippi statutory and common law.

In support thereof, Plaintiff would show this Honorable Court the following:

### JURISDICTION AND VENUE

1.

This Court has federal jurisdiction under 28 U.S.C. 1331, 42 U.S.C. § 1983 and 28

U.S.C. 1343 for a cause of action arising under the Civil Rights Act of 1964 (§ 2000(e)-3(a)), as

amended, challenging the retaliatory discharge directed at Plaintiff by Defendants.

1

2.

Venue is properly fixed in this division and district pursuant to 42 U.S.C. § 2000(e) since it is where the Defendant resides and where the discrimination took place.

## PARTIES

3.

Plaintiff, Jerry Lewis, is an adult resident citizen of Rankin County in the State of Mississippi. The wrongful acts complained in this complaint occurred in Hinds County, Mississippi.

4.

Defendant, Jackson State University, is doing business in Mississippi located at 1400 John R. Lynch Street, Jackson, Mississippi 39217, and is in good standing. They can be served with process of this Court by service upon its Commissioner, Dr. Hank M. Bounds, located at 3825 Ridgewood Road, Jackson, MS 39211.

5.

Defendant, Vivian Fuller, is the Athletic Director for Jackson State University. Defendant Fuller can be served with process of this Court by personal service at the Athletics Department, Jackson State University, 1400 John R. Lynch Street, Jackson, Mississippi 39217.

6.

Defendant, Carolyn Myers, is the President of Jackson State University. Defendant Myers can be served with process of this Court by personal service at Office of the President, Jackson State University, 1400 John R. Lynch Street, Jackson, Mississippi 39217.

## FACTS

7.

Plaintiff Lewis was hired by Jackson State University on or about February 1, 2005.  At the time of his termination, on or about January 31, 2012, Plaintiff Lewis was employed as Assistant Director of Athletic Operations.

8.

Defendant Fuller was hired by Jackson State University on or about August 8, 2011 as the Athletics Director; she was the supervisor, retaliator and harasser of Plaintiff Lewis.

9.

Shortly after Defendant Fuller began her employment – on or about August 11, 2012 – she arrived on the Jackson State University campus.

10.

Plaintiff Lewis was a friend and colleague of Ms. Lolita Ward, also a plaintiff against Jackson State University in a separate action, claiming sexual harassment among other causes of action.  Plaintiff Lewis was directly aware of the unwanted sexual indiscretions directed towards Lolita Ward by Defendant Fuller, and also that she had become a sexual target of Defendant Fuller.

11.

On or about August 15, 2011, Lolita Ward, a former employee of JSU, was in casual conversation in her office with her co-employee, Plaintiff Lewis.   Plaintiff Lewis was sitting off to the side, or corner, of her office, in a place where he could not be easily seen from the outside hallway.   During this conversation, Lolita Ward and Plaintiff Lewis saw Defendant Fuller approaching from the outside hallway.  At this time, Defendant Fuller "waggled" or "jiggled" her

tongue in a sexually provocative manner directed at Lolita Ward. The gesture was done as a proposition for sex. Obviously embarrassed and terrified, Lolita Ward put her head down as to not garner any further harassment, and to decline the advances of Defendant Fuller. Plaintiff Lewis was an eye-witness to this harassment.

12.

Because of Plaintiff Lewis' association with Lolita Ward, and because he witnessed and reported the harassment of Defendant Fuller, he began to be treated differently in his workplace. The attitude by the Athletic Director became hostile towards Plaintiff Lewis.

13.

Immediately after learning that Plaintiff Lewis was a witness to this unwanted sexual harassment, Plaintiff Lewis became a target of the JSU administration. Plaintiff Lewis was locked out of employee meetings, excluded from correspondence circulated to the entire athletic department, declined meetings and formal sit-downs by Defendant Fuller, and embarrassed and/or reprimanded in front of his colleagues. In addition, Plaintiff Lewis was not given credit for work completed, and Dr. Fuller denied his request to address his formal job title.

14.

On or about April 29, 2012, Plaintiff Lewis made the decision to report Dr. Fuller and Myers' conduct to then JSU attorney, Regina Quinn. He was then instructed to report the harassment to Human Resources Director, Sandra Sellers, which he did. Plaintiff Lewis also made an appointment to meet with the President, Defendant Myers, that very same day, although, Defendant Myers declined to meet with Plaintiff Lewis. Plaintiff Lewis was adamant about meeting with administration regarding Defendant Fuller's conduct.

15.

The fall-out from reporting this conduct was almost immediate.   Just one-day after reporting the unwanted conduct directed at Lolita Ward, Defendant Fuller circulated a memo regarding a meeting with the staff of the Athletics' Department.   Plaintiff Lewis was excluded from the memo and further excluded from the meeting.   In response, Plaintiff Lewis approached Defendant Fuller about her actions.   He was informed by Defendant Fuller that she did not believe he wanted to be a part of her staff, and further, that she was not sure if she wanted him to be part of her staff.

16.

In a further act of hostility, on September 2, 2011, Plaintiff Lewis was required to assist in game day vending for a JSU football game.   Plaintiff Lewis was declined the use of a golf cart, and more importantly, required to walk in the rain.   Plaintiff Lewis was ostracized by Defendant Fuller because he reported her sexual harassment of Lolita Ward.   Defendant Fuller continued her acts of hostility in front of his colleagues; he was publicly reprimanded in ways that other employees were not, Defendant Fuller refused to shake his hand or acknowledge his presence at staff functions, and purposefully made his job unbearable by the constant hostility.

17.

On September 27, 2011, Plaintiff Lewis was granted leave under the FMLA when he was taken off of work by his physician due to job-related stress and anxiety.   As suspected, and immediately after his leave ended, Plaintiff Lewis was terminated effective January 31, 2012. As such, Plaintiff's extended employment with the University ended.

18.

Due to the irrational behavior of Defendants, Plaintiff Lewis was subjected to disparate treatment and retaliation in his workplace for making complaints and reporting the sexual harassment directed at Lolita Ward, and also for participating in an investigation against Defendant Fuller.  Defendants' discrimination and retaliation against Plaintiff Lewis violated the Equal Protection Clause to the Fourteenth Amendment to the U.S. Constitution and is actionable pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et. seq.

19.

Plaintiff Lewis filed this action against Defendant JSU, Defendant Fuller, and Defendant Myers because he was subjected to disparate treatment as compared to similarly situated employees and employees who had not engaged in protected activity.  Defendant JSU wrongfully and illegally terminated Plaintiff's employment because he complained of a hostile work environment, and also in retaliation for participating in the EEOC's investigation into Plaintiff Lolita Ward's charge of discrimination.

## ADMINISTRATIVE PROCEDURE

20.

On or about February 28, 2012, Plaintiff filed a charge of retaliation and age discrimination, satisfying the requirements of 42 U.S.C. 2000(e) and 29 U.S.C. Sec. 206(d) with the Equal Employment Opportunity Commission.  Such a charge was filed within one hundred and eighty (180) days after the last unlawful employment practice occurred.  A true and correct copy is attached hereto as *Exhibit "A"*.

21.

The Equal Employment Opportunity Commission mailed a Notice of Right to Sue letter to the Plaintiff on or about January 3, 2012.  A true and correct copy is attached hereto as *"Exhibit B"*.

22.

This Complaint has been filed within ninety (90) days of the Plaintiff's receipt of the Notice of Right to Sue, and the Plaintiff has complied with all statutory prerequisites to filing suit.

## COUNT I - RETALIATORY DISCHARGE

23.

The allegations set forth in paragraphs 1 through 22 above are incorporated herein as if fully reproduced.

24.

Plaintiff Lewis engaged in activity protected under Title VII of the Civil Rights Act of 1964 by reporting the sexual harassment of Defendant Fuller to proper administration. Subsequent to Plaintiff Lewis engaging in such activity, and only reporting the unwelcome and harassing conduct by Defendant Fuller, he was terminated by Jackson State University. Defendant JSU, by and through the acts of its agents and employees – specifically Defendants Fuller and Myers – retaliated against Plaintiff Lewis after he informed and reported the unwanted sexual harassment by Defendant Fuller against Plaintiff Lolita Ward.   In addition, Plaintiff Lewis either met or made numerous attempts to meet with JSU administration regarding the conduct of Defendants Fuller and Myers, including with General Legal Counsel Regina Quinn. Subsequent to Plaintiff Lewis engaging in such activity, and only after Defendant Fuller and

7

Myers learned that Plaintiff Lewis had informed and reported Defendant Fuller's conduct, he was targeted by Defendants and ultimately terminated immediately thereafter.

25.

By Defendants' actions, it shows a direct and causal connection between the Plaintiff invoking his constitutional rights and the resulting termination by his employer.  Such unlawful employment practices violate 42 U.S.C. Sec. 2000e-5(b).

<b>COUNT II- HOSTILE WORK ENVIRONMENT</b>

26.

The allegations set forth in paragraphs 1 through 25 above are incorporated herein as if fully reproduced.

27.

Plaintiff Lewis was subjected to adverse and hostile employment conditions at Jackson State University arising out of the retaliation directed at him by Defendants named herein. Defendant JSU, by and through the acts of its agents and employees – specifically Defendants Fuller and Myers – berated and/or targeted Plaintiff Lewis.   The work environment was permeated with discriminatory intimidation sufficiently severe and pervasive to alter working conditions by creating a hostile work environment.  The conduct was unwelcome and offensive to Plaintiff Lewis.  The conduct was such that would offend a reasonable person under similar, like circumstances.

28.

By Defendants' actions, it shows a direct and causal connection between the Plaintiff invoking his constitutional rights and the resulting termination by her employer.  Such unlawful employment practices violate 42 U.S.C. Sec. 2000.

8

## COUNT III- CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C §1983 AGAINST DEFENDANTS FULLER AND MYERS

29.

The allegations set forth in paragraphs 1-28 above are incorporated herein as if fully reproduced.

30.

Plaintiff Lewis was subjected to adverse and hostile employment conditions at Jackson State University arising out of the retaliation directed at him by Defendants Fuller and Myers. It is clear that Jackson State University, by and through its agents and employees – specifically Defendant Myers and Fuller – arbitrarily and unreasonably terminated Plaintiff Lewis from his position for unlawful reasons and motivation. The actions of the Defendants violate 42 U.S.C. § 1983 in violation of Plaintiff Lewis' rights – substantive and procedural – secured and guaranteed to him by the First Amendment and the Equal Protection Clause of Fourteenth Amendment of the United States Constitution. Specifically, Plaintiff Lewis is protected under the First Amendment of the United States Constitution to report the unwelcome, hostile, and harassing conduct and actions of Defendants. Because of these violations, Plaintiff Lewis has been deprived of federal rights under the color of state law.

31.

Plaintiff Lewis was also protected by his First Amendment Right to Free Speech to report the unwelcome and inappropriate conduct of Defendant Fuller, and also to participate in the EEOC's investigation without fear and intimidation of losing his job. His termination and the subsequent harassment and hostility after his participating in this investigation violated his rights guaranteed by the United States Constitution. It is clear that Defendants retaliated against Plaintiff Lewis after he informed and reported the unwanted sexual harassment by Defendant

9

Fuller against Plaintiff Lolita Ward.   Subsequent to Plaintiff Lewis engaging in such activity, and only after Defendant Fuller and Myers learned that Plaintiff Lewis witnessed and/or reported information against their interests, he was targeted by Defendants and ultimately terminated.

32.

Defendants' actions demonstrate a direct and causal connection between Plaintiff Lewis invoking his constitutional rights and the resulting termination by his employer.   Such unlawful employment practices violate 42 U.S.C. § 1983.

## COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.

The allegations set forth in paragraphs 1-32 above are incorporated herein as if fully reproduced.

34.

By their continued actions and conduct, Defendant Fuller and Myers have intentionally inflicted emotional distress upon Plaintiff Lewis.   Defendants' actions have been such to evoke outrage and revulsion.   Defendants' behavior has been malicious, willful, wanton, grossly, careless, indifferent, and/or reckless.   Because of this egregious conduct, Plaintiff Lewis has and will continue to suffer severe injuries. The injuries to Plaintiff Lewis were reasonable foreseeable.   As a direct and proximate result of Defendants' extreme and atrocious conduct toward Plaintiff, Plaintiff Lewis has suffered lost wages and benefits, suffered extreme emotional distress, and has sustained other pecuniary loss.   The unlawful actions of Defendants' were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## DAMAGES

35.

Because of the foregoing acts of Defendants, Plaintiff Lewis has suffered damages including but not limited to lost wages (back pay and future pay), lost benefits, lost earning capacity, reinstatement of previous position, emotional distress resulting in physical and mental injury, loss of reputation, inconvenience and other non-pecuniary losses.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Court take jurisdiction over this cause and, after hearing evidence, award the following:

a.      Injunctive relief requiring Defendants to reinstate Plaintiff to previous position, or front pay for the appropriate amount of time;

b.      Back pay and all fringe benefits that have accrued since Plaintiff was hired;

c.      Back pay and all fringe benefits that have accrued since Plaintiff was fired;

d.      Punitive damages in an amount to be determined at trial for Defendants' intentional discriminatory conduct conducted with malice, or in the alternative, with reckless indifference to Plaintiff's federally protected right not to be discriminated against under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et. seq.;

e.      Compensatory damages in the form of reduced wage earning capacity, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses as permitted by 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et. seq.;

f.      All costs of court including reasonable attorney's fees and expenses incurred in the prosecution of this cause pursuant to 42 U.S.C. Sec. 2000e-5(k), as well as any other statute named herein;

g.      All costs, disbursements, pre-judgment interests, post-judgment interests, expert witness fees, and reasonable attorney's fees allowed under actions brought pursuant to Title VII, 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, as amended, as well as 42 U.S.C. § 2000e, et. seq.

h.      A jury trial is demanded in accordance with Section 102(c) of the Civil Rights Act of 1991, as well as in accordance with any other statutes named herein; and

i.      All further and general relief which the Court finds appropriate under the circumstances.

Respectfully submitted, this is the 1st day of April, 2013.


JERRY LEWIS, PLAINTIFF


BY:      _____
          Rogen K. Chhabra, Esq.


BY:      _____
          Mike Saltaformaggio, Esq.

ATTORNEYS FOR PLAINTIFF:

Rogen K. Chhabra (MSB# 99131)
Chhabra & Gibbs, P.A.
120 North Congress Street, Suite 200
Jackson, MS 39201
Telephone: (601)-948-8005
Facsimile: (601)-948-8010
rchhabra@cglawms.com

Mike Saltaformaggio (MSB# 104000)
'Maggio Law Group, PLLC
2628 Southerland St., Suite A
Jackson, MS  39216
Telephone: (769) 257-7594/5
Facsimile: (769)-257-7770
mike@maggiolawgroup.com