IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JERRY LEWIS**                                                                                              **PLAINTIFF**

V.                                                                          **CAUSE NO. 3:13CV00191-TSL-JMR**

**JACKSON STATE UNIVERSITY;**
**DR. VIVIAN FULLER, INDIVIDUALLY;**
**DR. CAROLYN MYERS, INDIVIDUALLY; AND**
**JOHN DOES 1-10**                                                             **DEFENDANTS**

<u>**REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO**
**MOTION TO WITHDRAW**</u>

COMES NOW, Rogen K. Chhabra and Mike Saltaformaggio and hereby files their Reply to Defendants' Response in Opposition to the Motion to Withdraw and would show unto this Court the following:

1. The undersigned has shown good cause by affirmatively stating as an officer of the Court that he does not agree with Plaintiff on strategy to proceed. The specifics of the disagreement are protected by the attorney client privilege. However, the undersigned would be glad in an in camera setting, if so ordered, to provide the specifics of why the disagreement between counsel and the Plaintiff is so insurmountable that adequate representation of his interests cannot possibly continue.

2. As to the factors laid out by counsel for the Defendants, the undersigned would show that:

    a. Withdrawal will not disrupt the case. Either the Plaintiff will get new counsel in time to file a meritorious response to the Motion to Dismiss and his case will survive, or he will get no counsel who can provide a meritorious response and this claim will be over on July 14th with an Order of Dismissal with Prejudice.

b.  The case has been pending for a year, the dispositive motions have been pending 2 months, and the undersigned has been aware of the divergence of strategy since last Thursday when he asked for authority to provide a particular response to the Motion to Dismiss and was not given such authority.

c.  The Plaintiff won't likely find new counsel who will disagree with Mr. Waide's position that the case is unlikely to be meritorious.  Therefore there is probably no length of time necessary to find new counsel, and the undersigned has not asked for an extension for such.

d.  The undersigned would suffer a significant financial burden in paying for the research tools, staff time, paralegal time and associate time to file a response to the Motion to Dismiss and stay involved in a case in which they do not agree with what his client wants them to do.

e.  The Defendants have not and will not be prejudiced by the withdrawal, nor have they attempted to show such.  Their Motion to Dismiss is outstanding.  The deadline to respond to the Motion to Dismiss is what it is.  Either it will be responded to or it won't, but the withdrawal will not and should not have any bearing on whether the case has merit or whether it should be dismissed.

f.  Withdrawal will not harm the administration of justice.  But forcing an attorney to remain in a case and represent a client who he disagrees with on what should happen with the Motion to Dismiss would be a grave miscarriage of justice and force the undersigned in to the unenviable position of either committing malpractice or being dishonest with the Court.  The undersigned are

not willing to engage in either deplorable avenue should they be forced to stay in the case.

3. Every single factor weighs in favor of granting the Motion to Withdraw.

4. Good cause exists to permit withdrawal. No good cause exists to force an attorney to represent a client he disagrees with.

5. At the end of the day, a withdrawal will likely result in Plaintiff finding no attorney to represent him and result in a dismissal for the Defendant. Why the Defendant would want to keep the undersigned in the claim and bait them into a conflict and possible malpractice claim baffles the mind. This is especially so, when it is highly unlikely that Plaintiff will find counsel to respond or file a *pro se* response himself and highly likely his claim will be dismissed anyway.

WHEREFORE, PREMISES CONSIDERED, the undersigned counsels respectfully request this Court allow them to withdraw from this case.

This the 18th day of June, 2014.

Respectfully Submitted,

BY: */S/ Rogen K. Chhabra*
ROGEN K. CHHABRA

BY: */S/ Mike Saltaformaggio*
MIKE SALTAFORMAGGIO

**COUNSELS FOR PLAINTIFF:**

Rogen K. Chhabra, MSB No. 99131
CHHABRA & GIBBS, P.A.
120 North Congress Street, Suite 200
Jackson, Mississippi 39201
Telephone: (601)948-8005
Facsimile: (601)948-8010
rchhabra@cglawms.com

Mike Saltaformaggio, MSB# 104000
'MAGGIO LAW GROUP, PLLC
2628 Southerland St., Suite A
Jackson, Mississippi  39216
Telephone:  (769) 257-7594/5
Facsimile:   (769)-257-7770
mike@maggiolawgroup.com

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day provided the above foregoing pleading to all parties of record via ECF, which sent notification of such filing to the following:

    LaToya C. Merritt, Esq.
    merrittl@phelps.com
    bametts@phelps.com
    hi1ll@phelps.com

    Jason T. Marsh, Esq.
    marshj@phelps.com
    bametts@phelps.com
    huffmasl@phelps.com

    Mr. Jerry Lewis
    jlewis125@hotmail.com

This the 18th day of June, 2014.

                                          */S/ Rogen K. Chhabra*
                                          ROGEN K. CHHABRA

                                          */S/ Mike Saltaformaggio*
                                          MIKE SALTAFORMAGGIO